**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

R. KEITH MAIDMAN,

    Plaintiff,

vs.

ANTHONY DEMEO, et al

    Defendants.

Case No. 2:12-cv-00474-APG-NJK

**ORDER**

ORDER DENYING PLAINTIFF'S MOTION TO SUBMIT EVIDENCE (DKT. # 54)

    This matter is before the court on Plaintiff R. Keith Maidman's Motion to Submit Evidence (Dkt. # 54), filed June 21, 2013.

**BACKGROUND**

    On August 28, 2012, the Plaintiff filed the Declaration of Richard McFadden (Dkt. #13), the Declaration of Leslie Villa (Dkt. #14), the Declaration of Brian Salvadge (Doc. # 15), and the Declaration of R. Keith Maidman (Dkt. # 16). On September 6, 2012, the Plaintiff filed several exhibits (Dkt. # 17); on September 11, 2012, the Plaintiff filed several affidavits (Dkt. # 18); and on September 24, 2012, the Plaintiff file the Declaration of Ernest Joe Ruis (Dkt. # 19). On September 26, 2012, the Court ordered all of the above filings stricken from the docket. (Dkt. # 23). The Court found that all of these items "appear to be discovery documents or evidence which can be used in regard to any dispositive motions or at trial, but are not appropriately deposited with the court for no reason." *Id.*, at 1.

    On September 28, 2012, the Plaintiff filed an Affidavit of Conditions (Dkt. # 24) and, on October 5, 2012, the Plaintiff filed an Affidavit of Conditions (Dkt. # 26). On November 15, 2012, the Court ordered the above filings stricken from the docket. (Dkt. # 37). The Court found that all of these items "appear to be discovery documents or evidence which can be used in regard to any dispositive motions or at trial, but are not appropriately deposited with the court at this time." *Id.*

On June 21, 2013, the Plaintiff filed the instant Motion to Submit Evidence (Dkt. # 54). The Plaintiff acknowledges the Court's prior orders striking the above-mentioned filings, but asks the Court to file them nonetheless. In support of his motion, the Plaintiff cites no caselaw, but instead claims that the filings are "vital" to his case. *Id.*, at 1 and 3. The Plaintiff appears to believe that filing the documents on the Court's docket will enter them into evidence at trial. *Id.*, at 3-4.

## DISCUSSION

The Plaintiff's Motion essentially asks this Court to reconsider its prior orders striking his filings. Reconsideration may be appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). *See also Rich v. Taser*, 2013 WL 129326, *2 (D.Nev. 2013). Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier. *Id.*

The Plaintiff's Motion does not cite, let alone attempt to comply with, the applicable standards. The Court finds on its own review that the Plaintiff has not presented newly discovered evidence; the Court did not commit clear error in its prior orders; the prior orders were not manifestly unjust; and no intervening change in controlling law has occurred. Further, the Plaintiff's Motion has demonstrated that the Court was correct when it found that these documents are either discovery documents or evidence that can be used for dispositive motions or at trial. If the Plaintiff wishes to use the documents at trial, he will have to follow the procedures set forth under the Rules of Evidence, the Rules of Civil Procedure and the Local Rules of this Court in his attempt to admit them into evidence. Filing documents on the docket, however, is not the proper way to attempt to admit them into evidence.

. . . .

. . . .

. . . .

. . . .

Accordingly,

**IT IS ORDERED THAT** the Plaintiff's Motion to Submit Evidence (Dkt. # 54) is **DENIED**.

Dated this 25th day of June, 2013.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE