UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| R. KEITH MAIDMAN,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY DEMEO; RICHARD MARSHALL; TERRI RISING; and NYE COUNTY DETENTION CENTER,<br><br>Defendants. | Case No. 2:12-cv-00474-APG-NJK<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(Dkt. No. 46.) |

I.   **BACKGROUND**

Presently before the Court is the motion for summary judgment [Dkt. #46] filed by defendants Richard Marshall and Terri Rising ("Defendants"), who are the only remaining defendants in this case. (Dkt. No. 46, the "Motion.")  In assessing the Motion, the Court has also considered the First Amended Complaint (Dkt. No. 6, the "FAC"), R. Keith Maidman's ("Maidman's") Affidavit of Conditions (Dkt. No. 44),[1] Maidman's response to the Motion (Dkt. No. 48), and Defendants' reply (Dkt. No. 49).

---

[1] Although Maidman filed this affidavit before Defendants filed the Motion, the Court nonetheless considers the affidavit as part of Maidman's response to the Motion. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) ("Courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly."). Likewise, the Court considers the prison documents attached to the FAC (Dkt. No. 6 at 10–11) as part of the record for summary judgment purposes.

Maidman claims under 42 U.S.C. § 1983 that Defendants violated the Eighth Amendment's prohibition of cruel and unusual punishment by housing him in an overcrowded cell with a leaking toilet such that he had to sleep on a floor covered with raw sewage. (Dkt. No. 6.) He also claims a violation of the Sixth and Fourteenth Amendments because the Nye County Detention Center in Pahrump, Nevada ("NCDC") does not have a law library and the electronic legal materials available in Tonopah, Nevada[2] are approximately five years old. (*Id.*)

## II.  ANALYSIS

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage*

---

[2] Maidman does not specify any particular correctional facility in Tonopah, but the Court understands him to refer to the Nye County Jail.

*Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *See Celotex*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial.  *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor."  *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted.  *See id.* at 249–50.

To be liable under 42 U.S.C. § 1983, a defendant must have personally participated in the alleged misconduct.  *Taylor*, 880 F.2d at 1045.  There is no *respondeat superior* liability under § 1983.  *Id.*  Thus, a supervisor cannot be liable merely because a subordinate engaged in illegal behavior.  Rather, "[a] supervisor is liable under § 1983 for a subordinate's constitutional

violations 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" *Maxwell v. County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (quoting *Taylor*, 880 F.2d at 1045).

Here, the only evidence linking either of the Defendants to the unsanitary conditions in the jail cell is Maidman's grievance form, which he attached to the FAC. (Dkt. No. 6 at 11.) The Court cannot consider this document, however, because it has not been authenticated and is not self-authenticating. FED. R. EVID. 901–02; *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment."); *see Campbell v. Brown*, 2007 WL 809806 at *4 (E.D. Cal. 2007) (excluding a similar document prepared by a prisoner as not self-authenticating).

But even if the Court could consider this document, it establishes only that Rising knew about a non-working toilet. (*See* Dkt. No. 6 at 11.) It does not sufficiently establish that Rising failed to take any action to correct the problem. To the contrary, she appears to have told the officer who responded to Maidman that the repair part had been ordered and would be installed within two days. Based on this evidence, a reasonable jury could not conclude that Rising "failed to act to prevent" the sanitary problem. *Maxwell*, 708 F.3d at 1086. Maidman's allegations in the FAC and in his response to the Motion are mere argument and cannot be considered as evidence. *See Taylor*, 880 F.2d at 1045.

As to the availability of current, meaningful legal materials at NCDC, there is no evidence that Defendants were aware of this alleged problem.

Because Maidman has not provided sufficient factual support that Defendants personally participated in the alleged constitutional violations, Defendants are not liable under § 1983 as a matter of law. *See Taylor*, 880 F.2d at 1045.

**III.  CONCLUSION**

The Court grants Defendants' Motion for Summary Judgment. The Clerk of Court shall enter judgment accordingly.

DATED this 13th day of January, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE